UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIANE G. VANE and MICHAEL A. VANE,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN TITLE COMPANY, a California corporation; BRIAN P. HARMON; TARYN B. HARMON; and FOOTHILL LAND CO., INC., doing business as CENTURY 21 SIERRA REALTORS, a California corporation,<br><br>Defendants.<br>_____<br>AND RELATED CROSS-ACTIONS. | 1:08-cv-1725 OWW DLB<br><br>SCHEDULING CONFERENCE ORDER<br><br>Further Scheduling Conference Date: 5/1/09<br>8:15 Ctrm. 3 |

I.  Date of Scheduling Conference.

    February 25, 2009.

II. Appearances Of Counsel.

    Klein, Denatale, Goldner, Cooper, Rosenlieb & Kimball, LLP by Randolf Krbechek, Esq., appeared on behalf of Plaintiffs.

    Law Offices of Michael J. Lampe by Matthew D. Owdom, Esq., appeared on behalf of Defendants First American Title Company, Brian P. Harmon and Taryn B. Harmon.

Clapp, Moroney, Bellagamba & Vucinich by Christopher J. Beeman, Esq., appeared on behalf of Foothill Land Co., Inc., a California corporation, doing business as Century 21 Sierra Realtors.

The Defendant, Michael A. Fischer, has been served, has been granted an extension through April 6, 2009, to file a response, and the case has been tendered to Mr. Fischer's insurance carrier.

III.   Summary of Pleadings.

1.   The Vanes filed a complaint against First American Title Company, Brian P. Harmon, Taryn B. Harmon, and Foothill Land Co., Inc.  The Vanes allege that they were promised a driveway and access to their property.  The Vanes allege that the Harmons have interfered with their right of access.  The Vanes also allege that First American Title Company and Foothill Land Co. mishandled a written easement agreement relating to the right of access.

2.   The Defendants answered the complaint.  Foothill contends that it timely conveyed the express easement to First American Title to be recorded, and that Fischer breached his duty to Harmons to disclose the easement's existence.

3.   The Harmons contend that no easement by implication exists in favor of the Vanes.  They further contend that they did not interfere with the landlord-tenant relationship between the Vanes and their tenants.  First American contends that Foothill Land Co. mishandled the express easement in July 2005, and that First American was not negligent in recording the express easement in August 2005.

4.   The Harmons filed a counterclaim against the Vanes. The Harmons allege that the Vanes do not have an easement, and have trespassed on the Harmons' property.

5.   The Vanes have answered the counterclaim.

6.   The Harmons filed an impleader complaint against Michael A. Fischer.  The Harmons allege that Mr. Fischer failed to disclose the right of access claimed by the Vanes before he (Mr. Fischer) sold the Harmon property to the Harmons.

7.   Mr. Fisher has not responded to the Harmons' impleader complaint, and has been granted an extension of time to file his response.

8.   Foothill Land Co. filed a cross-claim against the Harmons and First American Title Company.  Foothill Land Co. seeks contribution and/or equitable indemnification from the Harmons and First American Title Company.

9.   The Harmons and First American Title Company have answered the Foothill Land Co. cross-claim.

10.   Foothill Land Co. filed an impleader complaint against Michael A. Fisher.  Foothill Land Co. seeks contribution and/or equitable indemnification from Mr. Fisher.

11.   Mr. Fisher has not responded to Foothill Land Co.'s impleader complaint, and has been granted an extension of time to file his response.

12.   The Harmons and First American Title Company filed a counterclaim against Foothill Land Co.  The Harmons and First American Title Company seek contribution and/or equitable indemnification from Foothill Land Co.

13.   Foothill Land Co. has answered the Harmon and First

American Title Company cross-claim.

IV.   Orders Re Amendments To Pleadings.

    1.   The parties do not anticipate amending the pleadings at this time.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

    The parties that have appeared agree to the following facts:

    1.   Mr. and Mrs. Vane are the owners of the real property located at 28851 Gibbs Ranch Road, Tollhouse, CA 93667, Fresno County Assessors Parcel No. 130-150-83 (the "Vane Parcel").

    2.   The Grand Deed for the Vane Parcel was recorded on May 26, 2005, in the Fresno County Recorder's Office, Mr. and Mrs. Vane acquired the Vane Parcel pursuant to Grant Deed executed by Michael A. Fisher ("Fisher") as grantor.

    3.   The Vane Parcel is accessed by way of a private road leading off from Gibbs Ranch Road.

    4.   Brian P. Harmon and Taryn B. Harmon are the owners of the real property located at 28925 Gibbs Ranch Road, Tollhouse, CA 93667, Fresno County Assessors Parcel No. 130-150-85 (the "Harmon Parcel").

    5.   The Harmon Parcel is adjacent to the Vane Parcel.  The Grant Deed for the Harmon Parcel was recorded on August 31, 2005, in the Fresno County Recorder's Office.  Mr. and Mrs. Harmon acquired the Harmon Parcel pursuant to Grant Deed executed by Mr. Fisher as grantor.

    6.   According to the written "Residential Purchase Agreement," Defendant Foothill Land Co., Inc., acted as dual

agents (i.e., as the agents for both Mr. and Mrs. Vane and for Mr. Fisher) regarding the purchase and sell transaction for the Vane Parcel.

   7.   One part of the dispute concerns whether Foothill Land Co. misrepresented the Vane Parcel to Mr. and Mrs. Vane. Mr. and Mrs. Vane contend that, prior to the sale, property lines for the Vane Parcel were shown to Mr. and Mrs. Vane by an agent employed by Foothill Land Co. Mr. and Mrs. Vane contend that the property as shown to them included the road and going all the way to the back of the dog cage which is more than 30 feet additional area in a southerly direction past the driveway. Foothill Land Co. denies these allegations. The transfer disclosure statement signed by the Vanes suggested that the property boundary could be off by twenty feet. The purchase agreement signed by the Vanes contained an addendum recommending that the buyers retain a surveyor if they had any question about the property boundaries. These allegations do not directly involve Mr. and Mrs. Harmon or First American Title Company.

   B.   Contested Facts.

   1.   A second part of the dispute concerns the handling of a written easement agreement for the road. Mr. and Mrs. Vane contend that:

      a.   After escrow closed, Mrs. Vane saw a property corner of the adjoining (Harmon) parcel.

      b.   Mrs. Vane met with Mr. Fisher because he was living on the adjoining parcel. Mr. Fisher said it really was not a big deal - everybody in the area is really mellow - nobody would ever take that small part of the road away. Mr. Fisher

also said he would sign an easement giving her full use of the roadway.

   c. The broker for Foothill Land Co. told Mrs. Vane that he would draw up an easement.

  2. As to the easement agreement, the following facts are undisputed:

   a. The Grant Deed for the Harmon Parcel was recorded at 4:00 p.m. on Wednesday, August 31, 2005.

   b. The Exclusive Easement Agreement was recorded at 8:00 a.m. on Friday, September 2, 2005.

  3. Everything else about the easement agreement is in dispute. Mr. and Mrs. Vane contend that:

   a. Foothill Land Co. secured the signature of Mr. Fisher on the easement agreement on June 23, 2005.

   b. Thereafter, Foothill Land Co. mailed the easement agreement to Plaintiffs in Virginia for signature.

   c. Mr. and Mrs. Vane signed the easement agreement in Virginia on July 13, 2005.

   d. Plaintiffs immediately mailed the fully-executed easement agreement to Foothill Land Co. for recordation.

   e. Mr. and Mrs. Vane relied upon Foothill Land Co. to record the Exclusive Easement Agreement in a timely manner. Foothill contends that it provided the Easement to First American Title prior to the time Harmon's deed was recorded. First American contends that Foothill Land Co. mishandled the express easement and lost the California notarial acknowledgment.

   f. The Vanes contend that Mrs. Vane returned the fully-executed Exclusive Easement Agreement to Foothill Land Co.,

the California notarial acknowledgment for the signatures of Mr. and Mrs. Vane was fully completed and stapled to the document. However, the Vanes contend that the acknowledgment page was somehow torn off or lost after the document was returned in July, 2005.

  g. During this time period, Mr. Fisher sold the Harmon Parcel to Mr. and Mrs. Harmon.  The Harmons contend that Mr. Fisher failed to disclose the existence of the purported easement.

  h. On Wednesday, August 24, 2005, an escrow officer employed by First American Title Company sent an email to Mrs. Vane.  In the email, the escrow officer asked that Mrs. Vane obtain a replacement notarial acknowledgment for the Exclusive Easement Agreement.

  i. Mrs. Vane took the completed California notarial acknowledgment to Federal Express on Saturday, August 27, 2005, for shipment from Fairfax, Virginia.  Mrs. Vane addressed the FedEx package as instructed by the escrow officer in her email.

  j. The Vanes contend that subject to ordinary Federal Express delivery, the completed notarial acknowledgment should have been received by the escrow officer in Prather, California, on Monday, August 29, 2005.

  k. Mr. and Mrs. Vane relied upon First American Title Company to record the Exclusive Easement Agreement in a timely manner.  First American contends that it recorded the Easement Agreement in a timely manner.

  4. The foregoing is disputed by First American Title

Company and Foothill Land Co.  Both deny any duty to record the written easement agreement, and both deny that they failed to properly handle the easement agreement.

     5.   In addition, Mr. and Mrs. Harmon allege that Mr. and Mrs. Vane committed or caused to be committed various acts of trespass on the Harmon Parcel, and seek damages as against Mr. and Mrs. Vane.  Mr. and Mrs. Vane deny these allegations.

VI.  Legal Issues.

    A.   Uncontested.

     1.   Jurisdiction exists under 28 U.S.C. § 1332 based on the citizenship of the Plaintiffs in Virginia and Texas.  Michael Vane is in active service in the military.

     2.   Venue is proper under 28 U.S.C. § 1391.

     3.   The substantive law of the State of California provides the rule of decision in this diversity action.

    B.   Contested.

     1.   All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Further Scheduling Conference.

1. A further Scheduling Conference shall be held on May 1, 2009, at 8:15 a.m. in Courtroom 3 before the Honorable Oliver W. Wanger.

2. All parties are ordered to submit a Further Joint Scheduling Conference Statement only on the matters that concern the new parties, and any positions that differ from what is in their present Joint Scheduling Conference Statement, along with a proposed schedule for the case, including dates for all matters that will be required to resolve the action.

IT IS SO ORDERED.

Dated:   February 25, 2009           /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE